UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARRIAGE HOUSE HOMEOWNERS ASSOCIATION, INC.** (*Plaintiff*) | * * * * | **CIVIL ACTION NO.:** |
| **VERSUS** | * * * | **JUDGE** |
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY** (*Defendant*) | * * * * | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY[1] ("MUSIC" or "Defendant"). Pursuant to 28 U.S.C. §§ 1441 and 1446, MUSIC hereby removes this matter from the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana, to the docket of this Honorable Court.

**I.    INTRODUCTION**

1.   Plaintiff, Carriage House Homeowners Association, Inc. ("Carriage House" or "Plaintiff"), brought this action against Defendant in the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana, bearing Case No 2023-15342, Division "D", and entitled "*Carriage House Homeowners Association, Inc. v. Mesa Underwriters Specialty Insurance Company.*"[2]

---

[1] MUSIC is an insurer who issued the policy at issue as a surplus lines insurer, as described in the MUSIC Policy at issue and defined by the Louisiana Insurance Code.
[2] See Exhibit 1, Plaintiff's Petition for Damages.

2. Plaintiff's lawsuit seeks recovery from MUSIC for breach of contract damages under the MUSIC issued commercial insurance policy at issue as well as statutory damages, penalties, attorney fees, costs, and other extra-contractual damages pursuant to La. R.S. 22:1892 and La. R.S. 22:2973 related to MUSIC's adjustment and handling of Plaintiff's Hurricane Ida first party property damage claim.[3]

## II. BASIS FOR REMOVAL

3. 28 U.S.C. § 1441 provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States…"

5. Here, removal is proper pursuant to 28 U.S.C. § 1332, because there is complete diversity of the parties, and the amount in controversy exceeds $75,000.

6. Plaintiff alleges that it is a Louisiana Non-profit Corporation duly authorized to do business in the State of Louisiana and domiciled in the City of Madisonville, St. Tammany Parish, State of Louisiana.

---

[3] See Exhibit 1, Plaintiff's Petition for Damages.

7. Upon information and belief, Carriage House Homeowners Association, Inc. / Plaintiff is a corporation which is incorporated under the laws of Louisiana, and its principal place of business is also located in Louisiana; Carriage House Homeowners Association, Inc. is, therefore, a citizen of Louisiana for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

8. MUSIC / Defendant is incorporated in and has its principal place of business in New Jersey; MUSIC is, therefore, a citizen of New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1)[4]

9. There are no other parties to the instant litigation; therefore, complete diversity of citizenship exists between the Plaintiff and Defendant.

**The Amount In Controversy Exceeds $75,000 and This Notice of Removal Is Timely Filed**

10. 28 U.S.C. § 1446(b) generally provides that removal must be filed within thirty days after receipt of the initial pleadings, if the initial pleadings meet the "facially apparent" test, and if not, then within thirty days after receipt of some "other paper" from which it may first be ascertained that the case is or has become removable. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013); *see also Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437 (5th Cir. 2011) ("Because KLC filed its notice of removal within 30 days of receiving that letter and within one year of the action's being filed, removal was timely."); *see also Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) ("Addo's post-complaint demand letter was an 'other paper' under § 1446(b) which gave Globe notice that the case was removable.).

11. Here, it is not facially apparent from the Petition that the amount in controversy exceeds $75,000.[5]

---

[4] See Exhibit 2, Declaration of Anthony Stanley.
[5] See Exhibit 1, Plaintiff's Petition for Damages.

3

12. Nevertheless, on or about February 17, 2023, MUSIC received from Plaintiff's counsel, on behalf of Plaintiff, a demand letter which demanded the "TOTAL NET CLAIM = $732,249.97", including penalties and attorneys' fees.[6]

13. Thereafter, MUSIC invoked the appraisal provision under the MUSIC policy. At this time, the appraisal process is currently ongoing.[7]

14. Notably, Plaintiff's Petition specifically seek penalties and attorneys' fees.[8]

15. Penalties and attorneys' fees are properly included in determining the jurisdictional amount. *See St. Paul Reinsurance Company, LTD v. Greenburg,* 134 F.3d 1250 (5th Cir. 1998), (noting that attorneys' fees and penalties are included in determining jurisdictional amount when a party could be liable for same under state law).

16. Pursuant to La. R.S. § 22:1892, a penalty may be awarded up to "fifty percent damages on the amount found to be due from the insurer to the insured." Pursuant to La. R.S. § 22:1973(C), "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."

17. While MUSIC admits neither liability nor any element of damages, the contractual damages and penalties and attorneys' fees support a finding that the amount in controversy herein exceeds $75,000.

---

[6] See Exhibit 2, Declaration of Anthony Stanley.
[7] See Exhibit 2, Declaration of Anthony Stanley.
[8] See Exhibit 1, Plaintiff's Petition for Damages at ¶ 40, ¶ 41, and ¶ "Request for Relief."

***The Other Requirements for Removal Have Been Satisfied***

18. This Notice of Removal is timely filed within 30 days of October 23, 2023—the date the Louisiana Secretary of State (MUSICs agent for service of process in Louisiana) received service of process of the Petition.

19. Venue is proper is the United States District Court for the Eastern District of Louisiana, because the State Court Action is pending in the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on MUSIC (in this action) is attached as "**Exhibit 1**."

21. As required under 28 U.S.C. §1446(d), contemporaneous written notice of the filing of this Notice of Removal has been provided to Plaintiff through its counsel of record. Additionally, a copy of this Notice of Removal was filed in the state court proceeding on the same day this Notice of Removal was filed in this Court.

22. A copy of the Notice of Filing of Notice of Removal filed in state court on the date this Notice of Removal is filed will be placed in the record of this action in this Court following the issuance of this Court's standard Removal Order under 28 U.S.C. §1447.

23. A certified copy of the State Court record (which includes all pleadings filed by any and all parties while this matter was in state court) has been requested. It will be supplemented pursuant to the Court's Removal Order after it is received.

**III.   CONCLUSION – REQUEST FOR RELIEF**

WHEREFORE, MUSIC prays that this Court enter such orders and issue such process as may be proper and to bring before it copies of all records and proceedings in this action from the state court, and thereupon proceed with this action as if it had been originally commenced in this Court.

Respectfully submitted,

_s/ Alexander J. Brewster_
LAWRENCE G. PUGH, III (17351)
JOSEPH L. SPILMAN, III (17813)
BRENT M. BURNS (29547)
ALEXANDER J. BREWSTER (40289)
**PUGH ACCARDO, LLC**
3500 Hwy. 190, Suite 200
Mandeville, LA 70471
Telephone:    (504) 799-4500
Facsimile:     (985) 246-2330
bburns@pugh-law.com

**_Attorneys for Defendant, Mesa Underwriters Specialty Insurance Company_**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on counsel of record by mailing a copy of same in the U.S. Mail, properly addressed and postage prepaid, sent via email or sent via facsimile transmission, on this 10th day of November 2023.

_s/ Alexander J. Brewster_